IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

---

EASTERN DISTRICT, APRIL TERM, 1823.

---

### CANFIELD vs. GIBSON.

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. The petition states that the defendant made his note payable to one Samuel Thomas, for $800; who by endorsement, before the same was due, transferred it to the plaintiff— and that the payment of said note has been secured by a mortgage on a house and lot, situated in the town of Covington.

The defendant pleaded that the debt sued for had been attached in his hands, as garnishee, in the suit of *Layton* vs. *Thomas.*

That the note on which the suit is brought was given in part payment of a house and lot

A note by being marked *ne varietier*, does not lose its negotiability.

When the maker of a note relies on payment before endorsement, the burthen of proof as to the time of endorsement rests on him.

CASES IN THE SUPREME COURT

in the town of Covington, which was guaranteed free from all incumbrances and mortgages whatsoever, yet the same is subject to several liens.

And that the plaintiff received the note after it became due.

No parol evidence was introduced on the trial; the note was admitted to be negotiable, and endorsed in blank without any date affixed to it; no evidence was given by either party of the time when it was transferred.

The sale from Thomas to Gibson was produced, it is in the usual form with a clause of warranty, and states that the premises stand mortgaged until the payment of the note now sued on. On it, however, was endorsed the certificate of the parish judge, that the property sold, remained subject to a mortgage granted by the vendor, in favor of John Gustavus, for $400; and another granted by Gustavus, in favor of Packwood & Price, for $230.

The acts establishing the existence of these liens, and the record of the suit of *Layton* vs. *Thomas*, in which the present defendant was summoned as garnishee, were also introduced.

Nothing in the evidence enables us to say that the plaintiff knew the consideration of

East'n District.
*April*, 1323.

CANFIELD
*v.*
GIBSON.

this note when he received it. It is in the usual form, and there is no circumstance proved which shows that he even had a reasonable suspicion that it was not given on a *bona fide* consideration, or that there existed any equity between the original parties—12 *Martin*, 237. The note was not marked *ne varieter*, and if it had, we have already decided, after mature deliberation, that it would not oblige the endorsee to go to the notary's office, to examine into the original consideration. The very object which the parties have in view, in giving negotiable paper, is to prevent the necessity of doing this.

But the defendant insists the plaintiff took this note after it became due, and that consequently it is liable in his hands to every defence which could have been made against the payee. If the fact is established, the conclusion is correct, and our inquiry then is, what is the proof that has been given on this head?

The plaintiff presents a note endorsed in blank, in the usual form; and the presumption is, that the negotiability which results from the instrument, is in accordance with the real transaction, until the contrary is shown. The rule is, that when the maker of a note is sued

East'n District. and relies on payment before endorsement, or
*April,* 1823.
　　　　　　　any other legal defence, the burthen of proof,
CANFIELD       of the time of the endorsement, rests on him.
*vs.*
GIBSON.        See *Hendrick* vs. *Judal,* 1 *Johnson,* 319 ; *Web-*
*ster* vs. *Lee,* 5 *Massachusetts Reports,* 334.

This view of the rights of the plaintiff un-
der the endorsement, renders it unnecessary
to go into the question whether the purchaser
of immoveable property, affected by a lien,
but not actually disturbed by suit, can with-
hold payment until security is furnished by the
vendor.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed, and pro-
ceeding to give such judgment as in our opi-
nion ought to have been given. It is ordered,
adjudged and decreed, that the plaintiff do
recover of the defendant the sum of eight hun-
dred dollars, with interest from judicial de-
mand, and costs of suit; and it is further de-
creed, that the mortgaged premises, mention-
ed in the plaintiff's petition, be seized and
sold, to satisfy the judgment now rendered.

*Hoffman* for the plaintiff, *Preston* for the de-
fendant.